IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LAZOS,<br><br>    Petitioner,<br><br>   v.<br><br>SHEILA E. MITCHELL, Chief Probation Officer, Santa Clara County Probation Department,<br><br>    Respondent.                         / | No. C 07-01736 CW<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS |

Petitioner Frank Lazos, a state probationer who was in the custody of the Santa Clara County Probation Department at the time he filed his petition, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition based on untimeliness.  Petitioner opposes the motion to dismiss.  Respondent has not filed a reply.  Having considered all the papers filed by the parties, the Court denies Respondent's motion to dismiss.

BACKGROUND

On February 14, 2005, a jury convicted Petitioner of second degree robbery and petty theft.  On April 5, 2005, the judge suspended the imposition of sentence and placed Petitioner on probation for three years.  At trial, Petitioner was represented by

1  Deputy Public Defender Susannah Shamos.  In a declaration, Ms.
2  Shamos states:

3    I have no specific recollection of speaking with Mr. Lazos about an appeal, but believe I must have discussed it with him as this was something I discussed with all my jury trial clients. . . . I left the Public Defender's Office on April 11, 2005.  Mr. Lazos was sentenced on April 5, 2005.  I was in trial on another case at the time but I did appear at Mr. Lazos's sentencing.  However, I did not file a notice of appeal that day, or in the following few days that I still worked there.  When I left the office, I was advised that once my leave of absence started, I should not return for any follow-up matters.  I believe that I asked another attorney in my office, my supervisor who was to assign my remaining sentencings, to assure that a notice of appeal was filed in Mr. Lazos's case.  I have since learned that no notice of appeal was ever filed in Mr. Lazos's case.  This is through no fault of Mr. Lazos, as I believe I advised him that it was in no way his responsibility to file the notice, nor to follow up on it.

13  Shamos Dec. ¶¶ 3-5.

14    Petitioner submits a declaration in which he states:

15    When I was sentenced, [my counsel] told me she would file a notice of appeal in my case.  She told me an appeal would take about 18 months.  A petition to revoke my probation was filed February 1, 2006.  I admitted the probation violation that day.  I was continued on probation with new condition [sic].  A different attorney from the Public defender's [sic] office represented me.  Based on Ms. Shamos's representation, I assumed my appeal was still ongoing.  I assumed she kept her promise and filed a notice of appeal in my case.  On March 27, 2006, I called the Sixth District Appellate Program to inquire about the status of my appeal.  I was told there was no appeal pending in my case.  This was the first time I learned Ms. Shamos had not kept her promise to file a notice of appeal in my case.  Since I learned no notice of appeal was filed in my case I have been working with the Sixth District Appellate Program to try and regain my right to appeal.  I always wanted to appeal my conviction after a jury trial.  Ms. Shamos and I discussed the matter and she said she would file a notice of appeal.  I relied on her promise.  I have been deprived of an appeal I wanted by her failure to file the required notice.

Petitioner Dec. ¶¶ 2-5.

2

On May 16, 2006, Paul Couenhoven, an attorney employed by the Sixth District Appellate Program, on behalf of Petitioner, filed in the California court of appeal an application for relief from default for failure to file a timely notice of appeal. The basis for the application was that trial counsel provided ineffective assistance of counsel, in violation of Petitioner's Sixth Amendment right to counsel, when she promised to file a notice of appeal but did not do so. On June 28, 2006, the court of appeal denied his application. Mr. Couenhoven submits a declaration in which he states that, after the application was denied, he attempted to track down Ms. Shamos to verify what Petitioner had told him. Although he diligently attempted to find her, Mr. Couenhoven did not speak with Ms. Shamos until October 24, 2006.

On November 28, 2006, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, again arguing that his Sixth Amendment right to counsel was violated by trial counsel's failure to file a notice of appeal after promising to do so. On January 24, 2007, the California Supreme Court denied the petition. On March 27, 2007, Petitioner filed the instant petition for a writ of habeas corpus.

## LEGAL STANDARD

Under the Aniterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

3

clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The AEDPA imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

A habeas petition can be timely even if filed after the one-year period if statutory or equitable tolling applies. Harris v. Carter, 515 F.3d 1051, 1054-55 n.4 (9th Cir. 2008) (holding equitable tolling applies to habeas petitions, although recognizing that Supreme Court has not decided the issue); Barrow v. Marshall,

4

2008 WL 1969325, *2 (C.D. Cal). In deciding whether a petition is timely, a court should first address whether it is timely under the one-year statute of limitations. Id. If it is not, the next step is to address whether statutory tolling applies; the final step is to determine whether equitable tolling applies. Id.

DISCUSSION

I. One-Year Statute

The parties agree that Petitioner had until June 4, 2005, or sixty days after entry of the order placing him on probation, to file his notice of appeal. Because Petitioner did not file a notice of appeal, AEDPA's one-year statute of limitations began to run on that date and thus the petition should have been filed by June 4, 2006. Petitioner filed his habeas petition on March 27, 2007. The parties do not dispute that the petition is facially untimely. Therefore, unless statutory or equitable tolling applies, the petition must be dismissed.

II. Statutory Tolling

Statutory tolling applies to a habeas petition during the pendency of a properly filed application for state collateral review. 28 U.S.C. § 2244(d)(2). Respondent concedes, for purposes of this proceeding, that Petitioner's May 16, 2006 application for relief from default for failure to file a timely notice of appeal is the functional equivalent of an application for collateral review. Therefore, the federal limitations period was tolled from May 16 to June 28, 2006, the date the state court of appeal denied Petitioner's application for relief from default. But, according to Respondent, because 345 days had passed from the expiration of

5

the date to file a notice of appeal to the date Petitioner filed the application for relief from default, Petitioner had only twenty days of the one-year period to file his habeas petition.  According to Respondent, Petitioner did not file his petition in the California Supreme Court until November 22, 2006, after another 146 days had passed and the one-year period for filing a habeas petition had run.  The state supreme court denied the petition on January 24, 2007, or sixty-three days after it was filed.  Petitioner filed his federal habeas petition on March 27, 2007, sixty-two days later.  Therefore, according to Respondent, Petitioner filed his federal petition 189 days after the one-year statute of limitations had expired.

Petitioner disputes Respondent's calculation regarding statutory tolling and argues that he is entitled to 146 days of tolling for the "gap" between the appellate court's denial of his habeas petition and the filing of his petition in the California Supreme Court.[1]  However, he indicates that the Court need not decide this issue because he is entitled to equitable tolling for 242 days, from June 4, 2005, the last day to file a notice of appeal, to February 1, 2006, the date he went to court with an attorney from the Public Defender's Office for the hearing on his probation violation. [2]  According to Petitioner, when these 242

---

[1] The Court notes that even if Petitioner is correct and he is entitled to 146 days of statutory tolling, his federal petition would still not be timely filed.  Therefore, the Court does not address this issue.

[2] Petitioner proposes February 1, 2006 as the date equitable tolling ends in the event the Court agrees with Respondent that Petitioner should have asked his attorney at the probation

6

days are deducted from the 553 days that proceedings were pending in state court, he timely filed his petition within 311 days of the date the one-year statute started running. Respondent argues equitable tolling does not apply because Petitioner can show only that his attorney was negligent in not filing a notice of appeal.

III. Equitable Tolling

A. Legal Standard

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but the Ninth Circuit holds that the one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

Whether equitable tolling applies turns on an examination of

---

violation hearing about his appeal.

1  detailed facts.  Lott v. Mueller, 304 F.3d 918, 923 (9th Cir.
2  2002).  See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021,
3  1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's
4  eleven-month stay in administrative segregation because he was
5  denied access to legal papers despite his repeated requests for
6  them); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002)
7  (equitable tolling warranted where delay was caused by
8  extraordinary circumstances beyond petitioner's control: district
9  court erroneously refused to accept petition for filing because of
10 technical deficiency in cover sheet and lost body of petition by
11 the time petitioner sent in corrected cover sheet).

12     The Due Process Clause of the Fourteenth Amendment guarantees
13 a criminal defendant the effective assistance of counsel on his
14 first appeal as of right.  Evitts v. Lucey, 469 U.S. 387, 391-405
15 (1985).

16     B. Equitable Tolling -- Analysis

17     Petitioner argues that equitable tolling applies because he
18 has a constitutional right to the effective assistance of counsel
19 to file a notice of appeal, and trial counsel's ineffective
20 performance in not filing an appeal is an extraordinary
21 circumstance which should toll the statute of limitations.  The
22 cases Respondent cites regarding attorney negligence involve filing
23 habeas petitions, for which there is no constitutional right to
24 counsel.

25     That Petitioner was unaware that the statute of limitations on
26 his right to collateral review was running because of counsel's
27 failure to timely file a notice of appeal constitutes the

8

extraordinary circumstances necessary for equitable tolling to apply. Based upon Ms. Shamos' representations, Petitioner reasonably assumed his appeal was ongoing, at least until February 1, 2006. Pet's Ex. A, Pet's Dec. at 1. On March 26, 2006, he called the Sixth District Appellate project to inquire about the status of his appeal and was told there was no pending appeal. Id. From that time to the present, Petitioner has been working with the Sixth District Appellate Program to try and regain his right to appeal. Id. at 2. Mr. Couenhoven's testimony that he repeatedly attempted to find Ms. Shamos, but was unable to speak with her until October 24, 2006, lends support to the fact that Petitioner diligently pursued his right to file an appeal. Petitioner's actions meet the second requirement for equitable tolling, that he diligently pursued his rights.

## CONCLUSION

Accordingly, the statute of limitations on Petitioner's petition for a writ of habeas corpus was equitably tolled from June 4, 2005 to February 1, 2006. Defendant's motion to dismiss based on lack of timeliness is DENIED. (Docket # 9).

IT IS SO ORDERED.

Dated: 8/12/08

CLAUDIA WILKEN
United States District Judge