IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK LAZOS,

    Petitioner,

  v.

SHEILA E. MITCHELL,

    Respondent.
_____/

No. C 07-01736 CW

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

    Petitioner Frank Lazos, a state probationer who was in the custody of the Santa Clara County Probation Department at the time he filed his petition, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Sheila Mitchell opposes the petition.  Petitioner has filed a traverse.  Having considered all the papers filed by the parties, the Court grants the petition.

BACKGROUND

    On February 14, 2005, a jury convicted Petitioner of second degree robbery and petty theft.  On April 5, 2005, the judge suspended the imposition of sentence and placed Petitioner on probation for three years.  At trial, Petitioner was represented by the Public Defender of Santa Clara County, by Deputy Public Defender Susannah Shamos.  Petitioner did not file an appeal within the sixty day state law time limit.

Petitioner discovered in February, 2006, that the notice of appeal had not been filed.  On May 16, 2006, Petitioner, represented by Paul Couenhoven, an attorney employed by the Sixth District Appellate Program, filed in the California court of appeal an application for relief from default to file a timely notice of appeal.  On June 28, 2006, the appellate court denied the application.  On November 28, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court raising the claim that he was deprived of his constitutional right to effective assistance of counsel when his attorney failed to file a notice of appeal after promising to do so, thus depriving him of an appeal he otherwise would have pursued.

In a declaration, Ms. Shamos stated that she had left the public defender's office within a week of the date Petitioner was sentenced.  She had not filed a notice of appeal for Petitioner before her departure from the office, but she believed she had asked her supervisor to make sure a notice of appeal was filed.  In his declaration, Petitioner stated that, when he was sentenced, Ms. Shamos told him that she would file a notice of appeal and that the appeal would take about eighteen months.

On January 24, 2007, the California Supreme Court issued a one-sentence denial of the petition.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or

2

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established federal law" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 412 (2000).

A state court's decision is "contrary to" Supreme Court law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or reaches a different conclusion based on facts indistinguishable from a Supreme Court case. Williams, 529 U.S. at 412-13. A state court's decision constitutes an "unreasonable application" of Supreme Court precedent if the state court "either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Id. at 407.

The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. Plascencia v. Alameda, 467 F.3d 1190, 1197-98 (9th Cir. 2006); Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.

3

2000). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. Richter v. Hickman, 521 F.3d 1222, 1229 (9th Cir. 2008); Plascencia, 467 F.3d at 1198; Delgado, 223 F.3d at 982.

Even if the state court's ruling is contrary to or an unreasonable application of Supreme Court precedent, that error justifies habeas relief only if the error resulted in "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

## DISCUSSION

Petitioner argues that his trial counsel provided ineffective assistance by failing to file a notice of appeal.

I. Legal Standard

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's

4

1  deficient performance, i.e., that "there is a reasonable
2  probability that, but for counsel's unprofessional errors, the
3  result of the proceeding would have been different." Id. at 694.
4      The Strickland test applies to habeas claims that counsel was
5  ineffective for failing to file a notice of appeal. Roe v. Flores-
6  Ortega, 528 U.S. 470, 477 (2000). In regard to the first
7  Strickland prong, a lawyer who disregards specific instructions
8  from his client to file a notice of appeal acts in a manner that is
9  professionally unreasonable. Id. In those cases where the
10 defendant neither instructs counsel to file an appeal nor asks that
11 an appeal not be taken, counsel must consult with the defendant
12 "about an appeal when there is reason to think either (1) that a
13 rational defendant would want to appeal . . . or (2) that this
14 particular defendant reasonably demonstrated to counsel that he was
15 interested in appealing." Id. at 480.
16     The forfeiture of an appeal to which a defendant has a
17 constitutional right demands a presumption of prejudice. Id. at
18 483. However, there is no per se prejudice rule in such a
19 situation. Id. at 484. To show prejudice, the defendant must show
20 that, but for counsel's deficient performance, he would have
21 appealed. Id. The question whether the defendant has made the
22 requisite showing turns on the facts of a particular case. Id. at
23 485. Evidence of non-frivolous grounds for appeal or that the
24 defendant "promptly expressed a desire to appeal will often be
25 highly relevant in making this determination." Id. However, "a
26 defendant's inability to specify the points he would raise were his
27 right to appeal reinstated will not foreclose the possibility that
28 he can satisfy the prejudice requirement where there are other

5

1  substantial reasons to believe that he would have appealed." Id.
2  at 486.

3  In a claim for ineffective assistance of counsel, a court need
4  not conduct a harmless error review under Brecht because "the
5  Strickland error analysis is complete in itself; there is no place
6  for an additional harmless-error review." Avila v. Galaza, 297
7  F.3d 911, 918 n.7 (9th Cir. 2002) (citing Jackson v. Calderon, 211
8  F.3d 1148, 1154 n.2 (9th Cir. 2000) cert. denied, 531 U.S. 1072
9  (2001)).

10 II. Analysis

11 Because the California Supreme Court did not issue a reasoned
12 decision in this case, this Court must conduct an independent
13 review of the record to determine if the state court's denial of
14 the petition was contrary to or an unreasonable application of
15 United States Supreme Court authority.

16 The fact that Ms. Shamos' declaration indicates that she told
17 Petitioner that she would file a notice of appeal in his case
18 indicates that she consulted with him and that he agreed that he
19 wanted to proceed with an appeal. That she did not follow through
20 with filing the notice constitutes deficient performance under
21 Flores-Ortega.

22 As indicated above, the forfeiture of an appeal as of right
23 due to counsel's deficient performance establishes a presumption of
24 prejudice. However, Petitioner must show that, but for counsel's
25 performance, he would have appealed. Again, Ms. Shamos'
26 declaration that she informed Petitioner that she would file a
27 notice of appeal on his behalf indicates that Petitioner wished to
28 appeal. Further, Petitioner declares that, based on Ms. Shamos'

6

representation to him, he assumed his appeal had been filed; that he discovered, months after his sentencing, that no appeal had been filed; that he immediately called the Sixth District Appellate Program to request that an appeal be filed; and that he "always wanted to appeal my conviction after a jury trial."

Petitioner, through his new attorney, diligently attempted to file an appeal, and when that attempt failed, he filed a state habeas petition and then a federal habeas petition. Although Petitioner provides no showing of a non-frivolous ground for appeal of his conviction that would warrant such an appeal, he has made the requisite showing that, but for Ms. Shamos' deficient performance, he would have appealed his conviction.

Respondent argues that the state court reasonably rejected Petitioner's petition based on the manner in which sought relief. Respondent theorizes that the state court could have rejected the petition on a number of grounds: (1) failing to satisfy a state law requirement for obtaining relief from default to file a notice of appeal; (2) waiting five months to proceed from the state appellate court to the state supreme court; (3) failing to provide a statement from Ms. Shamos' supervisor to establish what happened after Ms. Shamos left the public defender's office; and (4) failing to establish deficient performance.

Although not stated explicitly, Respondent's first and second arguments seem to be that Petitioner's claim is procedurally defaulted.

The procedural default doctrine forecloses federal review of a state prisoner's habeas claims if those claims were defaulted in state court pursuant to an independent and adequate state

7

procedural rule. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991). Before applying the procedural default doctrine, a federal court must determine that the state court explicitly invoked a state procedural bar as an independent basis for its decision. <u>Id.</u> at 729. To be adequate, the state procedural bar must be clear, consistently applied and well-established at the time of the petitioner's purported default. <u>Id.</u>; <u>Calderon v. United States Dist. Court (Bean)</u>, 96 F.3d 1126, 1129 (9th Cir. 1996). The respondent has the burden of proving that the state court ruling acts as a procedural bar to a petitioner's claims. <u>Bennett v. Mueller</u>, 322 F.3d 573, 585-86 (9th Cir. 2003).

Respondent does not show that the state court's denial was based on an independent and adequate state procedural rule. In fact, the California Supreme Court's opinion merely stated, "Petition for writ of habeas corpus is denied." Thus, Respondent's first and second arguments are unpersuasive.

Respondent's third argument fails because what happened in the public defender's office after Ms. Shamos left is not relevant to Petitioner's claim or Respondent's defense. The relevant facts are that Ms. Shamos and Petitioner agreed that Ms. Shamos would file a notice of appeal and she did not do so. The fourth argument fails because, as discussed above, under <u>Flores-Ortega</u>, the applicable Supreme Court authority, Petitioner has established deficient performance. Respondent fails even to address <u>Flores-Ortega</u>, the recent United States Supreme Court case on point.

Because Petitioner has satisfied both <u>Strickland</u> prongs, his claim of ineffective assistance of counsel succeeds. Therefore, the state court's denial of his claim was contrary to and an

unreasonable application of Supreme Court authority.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is granted. This case is remanded to state court, which must allow Petitioner to proceed with the appeal of his conviction, or vacate the conviction. Judgment shall enter accordingly; each party shall bear his or her own costs.

IT IS SO ORDERED.

Dated: 10/21/08

_____
CLAUDIA WILKEN
United States District Judge